UNITED STATES of America, Plaintiff–Appellee,

v.

Elmo TAYLOR, Jr., Defendant– Appellant.

No. 01–30437.

D.C. No. CV–97–00236–JCC.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 12, 2002.*

Decided Aug. 19, 2002.

Before SCHROEDER, Chief Judge, and TASHIMA, and RAWLINSON, Circuit Judges.

## MEMORANDUM**

Elmo Taylor Jr. appeals the district court's revocation of his supervised re-

---

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

lease. *See* 18 U.S.C. § 3583(e)(3). We affirm.

Taylor's Confrontation Clause rights were not violated because even if the pay stubs that showed his use of a false social security number with two different employers were hearsay, his submitting the pay stubs to his probation officer constitutes an adoptive admission because he submitted them as proof of employment. *See United States v. Carrillo*, 16 F.3d 1046, 1048–49 (9th Cir.1994) (finding that drug dealer manifested adoption of drug tally sheet by possessing the slip of paper when arrested and negotiating sale prices and quantities for cocaine that were consistent with the figures on the slip of paper).

The district court did not abuse its discretion by finding that the pay stubs established by a preponderance of the evidence that Taylor violated 42 U.S.C. § 408(a)(7)(B), because his use of the same false social security number at two different jobs is sufficient to establish that he falsely represented that the number was his with the intent to deceive the employers into paying him under that number.

**AFFIRMED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.